## Gayheart v. Commonwealth.

(Decided April 23, 1926.)

### Appeal from Perry Circuit Court.

Homicide—Evidence Held Sufficient to Sustain Conviction for Malicious Shooting and Wounding, where Accused Shot Another at Home of Young Lady on Whom he was Calling.—Evidence held sufficient to sustain conviction for malicious shooting and wounding, where accused shot another at home of young lady on whom he was calling, and evidence tended to show jealousy.

WOOTTON & WOOTTON and MORGAN, EVERSOLE & BOWLING for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Appellant on his trial under an indictment charging him with malicious shooting and wounding, was found guilty and sentenced to imprisonment for two years, and has appealed.

The only ground of reversal relied upon by his counsel is that the verdict is flagrantly against the evidence, or that the evidence is insufficient to support the verdict.

How clearly untenable the contention is may be best demonstrated by a short statement of what the evidence discloses. In November, 1924, there lived in a remote section of Perry county an old man by the name of Fugate, and residing with him was his granddaughter, Mary Godsey, a young girl 18 years of age. Early in the evening Kilman Campbell went to the Fugate home to call on this young lady, and when he had been there a while, and after dark, they heard some persons on the highway or at the gate in front of the house; at the time Campbell and the girl were standing in the door leading to the front porch, and the door being open the light from the room shone through the door. They testify that some one from the outside shouted "hello," and that Campbell mistaking the voice of the speaker for that of his friend Bish Irvin responded, "hello, Bish Irvin," and that a short time thereafter one of the three men who had entered the yard and approached the front porch fired a shot which struck Campbell in the left breast and ranged upward and went out through his shoulder. The range of the bullet upward is explained by the evidence that the front porch was elevated some feet from the level of the yard. Neither Campbell nor Miss Godsey could identify positively the man who fired the shot because of the darkness, but one of the men with appellant testified that he fired the shot, and appellant himself on the stand admitted it. Appellant, while admitting this, testified that what Campbell said was, "Lookout, Bish, I'm going to shoot you," and at the time had something in his hand which he took to be a pistol and presented the same at or towards him before he fired. This evidence, plainly designed to make out a case of self-defense, was expressly denied by Campbell in rebuttal, and he also stated that while he had gone to the Fugate home with a pistol, he had, upon reaching there, laid it on the bed, and did not have it upon his person at all when he was on the front porch when he was shot, and presented nothing at appellant, which evidence is corroborated.

In addition to this the evidence shows that after the shooting appellant stayed around the house a short time with his pistol in his hand and intimidated the young woman, Miss Godsey, and required her, at the point of his pistol, to go with him, and started to take her away from the house, but for some reason they returned; all of which is convincing that the motive for the shooting was jealousy. Not only so, another witness testifies that after

the shooting appellant said in substance that "no man can call me Bish Irvin and get away with it."

Not only was the verdict sustained by sufficient evidence, but it appears to be in accord with the decided weight of the evidence.

There is no complaint of the instructions, and while the brief for appellant makes a reference to incompetent testimony none is pointed out and no argument is presented along that line.

Judgment affirmed.